# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-2015V
(not to be published)

| | |
|---|---|
| TREVOR HOWELL,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: January 6, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

Jessica Olins, *Maglio Christopher & Toale, PA, Washington, DC for Petitioner.*

Debra A. Filteau Begley, *U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 31, 2019, Trevor Howell ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he received an influenza vaccine on September 20, 2018, and thereafter suffered a shoulder injury related to vaccine administration ("SIRVA"). (Petition at ¶¶ 5, 15). On July 8, 2022, a decision was issued awarding compensation to Petitioner based on the parties' joint stipulation. (ECF No. 43.)

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated November 29, 2022 (ECF No. 46.), requesting a total award of $28,604.69 (representing $27,890.30 in fees and $714.39 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner has/has not incurred no out-of-pocket expenses. (ECF No. 46-3.) Respondent reacted to the motion on December 29, 2022, indicating that he does not object to the overall amount sought. (ECF No. 47). However, Respondent notes that his lack of objection to the amount sought should not be construed as admission, concession, or waiver as to the hourly rates requested, the numbers of hours billed, or the other litigation related costs. *Id.* On December 29, 2022, Petitioner filed a reply. (ECF No. 48.) He affirmed that he met the burden of establishing reasonable fees and costs, established that the requested amount was reasonable, and argued that the amount of fees requested should be paid and the cost costs reimbursed. *Id.*

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the time devoted to the matter. In addition, the requested rates are consistent with what counsel and her firm have received in prior matters, and therefore shall not be reduced or modified. And the costs associated with the prosecution of the matter were also reasonably incurred.

The Vaccine Act permits an award of reasonable attorney's fees and costs to prevailing petitioners. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs, and award a total of **$28,604.69** (representing $27,890.30 in fees and $714.39 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.